IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Equal Opportunity Employment Commission, | : : : | |
| | : | Case No. 1:17-cv-515 |
| Plaintiff, | : : | |
| | : | Judge Susan J. Dlott |
| v. | : : | Order |
| R&L Carriers Shared Services, LLC, *et al.*, | : : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 11). The Equal Opportunity Employment Commission ("EEOC") has sued Defendants R&L Carriers Shared Services, LLC and R&L Carriers, Inc. for employment discrimination in violation of Title VII. (Doc. 1.) Defendants move for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the reasons that follow, the Court **ORDERS** the EEOC to file an amended complaint within fourteen days of the date of this Order and **DENIES AS MOOT** the Motion to Dismiss.

I.     **BACKGROUND**

The EEOC filed its Complaint on August 2, 2017 against Defendants "to correct unlawful employment practices based on sex and to provide relief to a class of female applicants and deterred female applicants who were adversely affected by such practices." (Doc. 1 at PageID 1.) The sole factual allegation of wrongdoing is as follows:

> 13.     Since at least January 1, 2010, Defendants have engaged in unlawful employment practices at their Wilmington, Ohio, location in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000(e)-2(a) [*sic*].[1] These practices include, but are not limited to, refusing to hire women as dockworkers or loaders.

---

[1] Title VII states in relevant part:

(*Id.* at PageID 3.) The EEOC seeks injunctive relief, compensatory damages, and punitive damages. (*Id.* at PageID 4–5.)

Defendants have moved to dismiss the Complaint on the grounds that the EEOC has failed to state a plausible claim for relief. The EEOC responds that its pleading is sufficient, but it requests leave to amend the Complaint if the Court determines it is insufficient. (Doc. 14 at PageID 66–67.) The EEOC did not file a proposed amended pleading. The matter is fully briefed and ripe for adjudication.

## II.   STANDARDS OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, a complaint must comply with Federal Rule of Civil Procedure 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Rule 8(a)).

A complaint must include sufficient facts to state a claim that is plausible on its face and not speculative. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

Employer practices

It shall be an unlawful employment practice for an employer--

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a).

678. Mere "labels and conclusions [or] a formulaic recitation of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555. A complaint must contain "either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (citation omitted). However, it "does not need detailed factual allegations" or "heightened fact pleading of specifics." *Twombly*, 550 U.S. at 555, 570. A district court examining the sufficiency of a complaint must accept well-pleaded facts as true, but not legal conclusions or legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678–79; *DiGeronimo Aggregates*, 763 F.3d at 509.

Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its pleading with the leave of the Court. A district court "should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *U.S. v. Midwest Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). In determining whether justice requires leave to amend, a district court can consider whether allowing the amendment will result in undue prejudice to the opposing party and whether the moving party has exhibited undue delay, bad faith, or a dilatory motive. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A party seeking leave to amend should file a separate motion and attach a proposed amended pleading. *See, e.g.*, *C&L Ward Bros., Co. v. Outsource Solutions, Inc.*, 547 F. App'x 741, 745 (6th Cir. 2013) ("A properly filed motion for leave complete with an indication of the grounds upon which the amendment is sought and the general contents of the amendment is preferable."); *Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 784 (6th Cir. 2000) (finding the district court did not err in denying leave to amend to plaintiffs who informally requested leave to amend in a memorandum in opposition to a dismissal motion).

## III. ANALYSIS

Defendants argue that the Complaint does not contain sufficient factual allegations to raise the right to relief above the speculative level to the required plausibility level. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555, 570. They point out that a sister district court within the Sixth Circuit dismissed an EEOC complaint as insufficient containing this similar single factual allegation:

> 7. On or about September 14, 2009, Defendant Employer engaged in an unlawful employment practice in violation of Section 701 of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1), by discriminating against Lamond–Broughton on the basis of her sex by refusing to hire her as Group Leader because she was pregnant at the time of her application.

*E.E.O.C. v. WW Grp., Inc.*, No. 11-14220, 2012 WL 580471, at *2 (E.D. Mich. Feb. 22, 2012). The district court faulted the EEOC for alleging unfair employment practices, but identifying only one unlawful incident, for failing to indicate where the unlawful incident took place, and for failing to identify with whom Lamond-Broughton met, or how or where she was refused employment. *Id.* The district court stated that the EEOC "can, and must, plead better." *Id.*

The EEOC responds that the Complaint in this matter is different in material respects from the *WW Group* complaint. The EEOC asserts that here it alleges multiple incidents of discrimination—the refusal to hire women as dockworkers or loaders since at least January 1, 2010. It also alleges that the alleged unlawful acts took place at Defendants' Wilmington, Ohio facility. (Doc. 1 at PageID 3.)

Upon consideration, the Court is not convinced that the EEOC has stated a plausible claim for relief. The EEOC has not alleged facts about which women, or how many women, if any, applied for positions as dockworkers or loaders at the Wilmington, Ohio facility. Likewise, it has not alleged facts suggesting that Defendants instead hired men as dockworkers or loaders during the same time period. Without facts like these, the Court can only speculate whether

4

Defendants violated Title VII by refusing to hire women for the dockworkers and loaders positions.

As the Seventh Circuit commented in another case brought by the EEOC, the Federal Rules of Civil Procedure "do not require unnecessary detail, but neither do they promote vagueness or reward deliberate obfuscation." *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 780 (7th Cir. 2007). The Court has reason to believe that the EEOC knows more facts about the alleged discriminatory conduct than it pleaded in the Complaint. First, the EEOC has sufficient knowledge to have issued an Amended Letter of Determination on November 8, 2016 "finding reasonable cause to believe that Title VII was violated." (Doc. 1 at PageID 3.) Second, in its Memorandum in Opposition, the EEOC informally requests leave to amend the Complaint. Presumably, the EEOC would not request leave to amend if it did not have additional facts to plead. The Court has the authority to deny leave to amend when, as here, a plaintiff fails to submit the proposed amended pleading for review. *See C&L Ward Bros.*, 547 F. App'x at 745. However, in this case, which is at the earliest stage of litigation, the equities favor granting the EEOC leave to amend the Complaint. Amendment will not unduly delay these proceedings nor prejudice Defendants. Accordingly, the Court will order the EEOC to file an amended complaint as set forth below.

## IV. CONCLUSION

For the foregoing reasons, the EEOC is **ORDERED** to file an amended complaint within fourteen days of the date of this Order. Failure to comply may result in the dismissal of this action. The Court will not grant the EEOC leave to cure any deficiencies in the amended complaint.

Additionally, Defendants' Motion to Dismiss (Doc. 11) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated this 18th day of October, 2017.

                                BY THE COURT:

                                S/Susan J. Dlott_____
                                Susan J. Dlott
                                United States District Judge