UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION                     )        CIVIL ACTION NO:
                               )        1:17-cv-00515-SJD
              Plaintiff        )
                               )
                               )
                               )
                               )        Dlott, J.
R&L CARRIERS, INC.,            )        Litkovitz, M.J.
and R&L CARRIERS SHARED        )
SERVICES, LLC                  )
                               )
                               )
              Defendants.      )
_____)

### Stipulated Protective Order

To facilitate discovery and protect, pursuant to Fed. R. Civ. P. 26(c), the

confidentiality of and rights to information and documents disclosed in

connection with the above captioned lawsuit, the parties hereby stipulate and

the Court accordingly orders the following:

**1.    Scope.** This order applies to all information related to Kristy

Baker's worker's compensation claim (State of Ohio, Claim No. 09-366916),

including deposition testimony, medical documents, and any other information

about the same that may arise in any other form of discovery, ordered to be

produced by the Court ("Protected Information").

**2.    Designation**. Protected Information shall be designated

"ATTORNEY'S EYES ONLY" and shall be marked accordingly before production.

This designation means, once marked, Protected Information may not be

viewed or used by any of Defendants' counsel or agents who are working, have worked, or will work on matters related to representation of Ms. Baker's prior employer at issue in worker's compensation claim No. 09-366916.

**3.** **Restricted Use**. Protected Information may be used solely for the preparation, trial, and any subsequent appeal of this lawsuit, as well as related settlement negotiations. Protected Information may not be used by any of Defendants' counsel or agents who are working, have worked, or will work on this matter for any other purpose, including in preparation, proceedings, or settlement negotiations in worker's compensation claim No. 09-366916, without the express written consent of the EEOC. Protected Information may not be disclosed to any individual except as provided by the terms of this Order. All persons in possession of Protected Information agree to exercise reasonable care regarding the custody, use, or storage of such information to ensure that its confidentiality is maintained. This obligation includes, but is not limited to, the Defendants providing to the EEOC and class member Kristy Baker prompt notice of the receipt of any subpoena that seeks production or disclosure of Protected Information and consulting with the EEOC before responding to the subpoena. Any use or disclosure of Protected Information in violation of the terms of this Order may subject the disclosing person or party to sanctions.

**4.** **Access to Protected Information.** The parties and all individuals subject to this Order agree that Protected Information may only be accessed or reviewed by the following:

a.  The Court, its personnel, and court reporters;

b.  Counsel who make an appearance in this matter for any party in this action and their employees who assist such counsel in this action, unless excluded by paragraph 2 above;

c.  Experts or consultants employed by the parties or their counsel for purposes of this action and have executed attached Exhibit A, except that any such experts or consultants who have been retained to work on, have worked on, or will work on matters related to representation of Ms. Baker's prior employer at issue in worker's compensation claim No. 09-366916 are excluded from accessing Protected Information; and

d.  Other witnesses or persons to whom the Designating Party agrees in advance of disclosure or by court order and agree to execute Exhibit A.

**5.    Non-Waiver Effect of Designations**.  Neither the taking of, nor the failure to take, any action to enforce the provisions of this Order, nor the failure to object to any designation, will constitute a waiver of any party's claim or defense in this action or any other action or proceeding, including but not limited to a claim or defense that any designated information is or is not confidential, is or is not entitled to particular protection, or embodies or does not embody information protectable by law.

**6.    Trial Testimony**.  This Protective Order shall not govern proceedings at trial in this action. Nor shall anything in this Order be

construed as a waiver by a party of any objections that may be raised as to the admissibility at trial of any evidentiary materials.

**7. Handling of Protected Information Upon Conclusion of Action:**

Upon conclusion of this action, including all appeals, the Defendants shall destroy all copies of Protected Information, regardless of the medium in which it was stored and verify destruction of all such copies of Protected Information within 60 days after the later of dismissal of this action or expiration of all deadlines for appeal. This provision does not apply to the Court or Court staff.

**8. Continued Restrictions Under this Order.** The restrictions on disclosure and use of Protected Information survive the conclusion of this action.

**9. Jurisdiction.** This Court shall retain jurisdiction for purposes of enforcing this Protective Order.

**10. Submitting "Attorney's Eye's Only" Material to the Court.**

Subject to Section 6, should Defendants intend to file any Protected Information with the Court, it must obtain a Court order in advance permitting such filing. Per *Proctor & Gamble Co. v. Baker's Trust Co.*, 78 F.3d 219 (6th Cir. 1996), no document may be filed with the Court under seal without prior permission as to each such filing. This Protective Order does not authorize filing under seal; any provisions in this Protective Order to the contrary are hereby stricken.

s/Anthony C. White
Anthony C. White  (00624146)
Trial Counsel
THOMPSON HINE LLP
41 South High Street
Suite 1700
Columbus, Ohio 43215
Phone: (614) 469-3235
Anthony.White@ThompsonHine.com


Keith P. Spiller (0042102)
Megan S. Glowacki (00865472)
Trial Counsel
THOMPSON HINE LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 352-6700
Keith.Spiller @ThompsonHine.com
Megan.Glowaki@ThompsonHine.com

Attorneys for Defendants

Kenneth W. Brown
Senior Trial Attorney
EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King Jr.
Place, Suite 268
Louisville, Kentucky 40202
Phone: (502) 582-5440
Kenneth.Brown@eeoc.gov

s/Jonathan P. Bryant
Jonathan P. Bryant (Ind. 24412-49)
Trial Attorney
EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street
Suite 1900
Indianapolis, Indiana 46204
Jonathan.Bryant@eeoc.gov


Attorneys for Plaintiff

**IT IS SO ORDERED**.

Date: 12/18/18

United States ~~District~~ Judge
Magistrate

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | ) ) ) | CIVIL ACTION NO: 1:17-cv-00515-SJD |
| Plaintiff | ) ) ) | |
| | ) | Dlott, J. |
| R&L CARRIERS, INC., and R&L CARRIERS SHARED SERVICES, LLC | ) ) ) | Litkovitz, M.J. |
| | ) ) | |
| Defendants. | ) ) | |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned acknowledges having been provided with and having read the "Stipulated Protective Order" in this matter ("Protective Order"). The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.

Date: _____          Signature:_____