UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Plaintiff,

Case No. 1:17-cv-515
Dlott, J.
Litkovitz, M.J.

vs.

R & L CARRIERS, INC., et al.,
Defendants.

**ORDER**

At issue in this discovery dispute is whether the EEOC has fully responded to defendants' Interrogatory No. 13 and additional interrogatories and document requests that seek information on which the EEOC bases its claims in this case, or whether the EEOC has improperly asserted the "deliberative process privilege" as to certain documents.

Defendants allege that plaintiff has improperly asserted the "deliberative process privilege" as to 13 documents listed on the EEOC's privilege log. Pursuant to the Court's Order of December 12, 2018, defendants have identified the documents they assert have been improperly identified as protected by the deliberative process privilege, and the EEOC has submitted such documents to the Court for its *in camera* review. The EEOC has also submitted the declaration of Victoria A. Lipnic, the Acting Chair of the EEOC, which avers that she has reviewed the *in camera* documents submitted to the Court and such documents "contain predecisional opinions, analyses, and conclusions of the Commission investigatory and legal personnel regarding the investigation of Charge No. 470-2012-00279C." Ms. Lipnic also avers that the disclosure of these documents to individuals outside the Commission would inhibit open communication among Commission employees, thereby impairing the Commission's ability to enforce the statutes within its authority.

The deliberative process privilege applies to "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Dep't of Interior v. Klamath Water Users Protective Ass'n,* 532 U.S. 1, 8-9 (2001) (*quoting NLRB v. Sears, Roebuck & Co.,* 421 U.S. 132, 150 (1975)) (internal quotation marks omitted). As explained by this Court:

> The deliberative process privilege is one which has been judicially crafted in order to promote frank discussion of issues relating to the adoption of policies, or the making of specific adjudicative decisions, within a governmental agency. Once an agency makes a decision, it is obligated to state both the decision and the reasons that support it. Those matters are public records. However, in most cases an agency is required to weigh various options prior to reaching its final decision. It may do so by questioning the wisdom of various options or questioning the accuracy of the process that has preceded the point of decision. If all intra-agency communications about such matters were made public, agency staff members might be deterred from expressing honest opinions about matters which factor into the agency's final decision. Consequently, the deliberative process privilege was created in order to protect communications "made in the course of formulating agency decisions on legal and policy matters." *NLRB v. Sears, Roebuck and Co.,* 421 U.S. 132, 138 (1975).

*Dawson v. Sullivan,* 136 F.R.D. 621, 624–25 (S.D. Ohio 1991). The deliberative process privilege applies to a document that is "both 'predecisional,' meaning it is 'received by the decisionmaker on the subject of the decision prior to the time the decision is made,' and 'deliberative,' the result of a consultative process." *Rugiero v. U.S. Dep't of Justice,* 257 F.3d 534, 550 (6th Cir. 2001) (citations omitted). "Although this privilege covers recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the opinions of the writer rather than the policy of an agency, the key issue in applying this exception is whether disclosure of the materials would 'expose an agency's decisionmaking process in such a way as to discourage discussion within the agency and thereby undermine the agency's ability to perform its functions.'" *Id.* (citations omitted). The deliberative process privilege does not, however, protect purely factual material "unless the material is so inextricably intertwined with

2

the deliberative sections of documents that its disclosure would inevitably reveal the government's deliberations." *NetJets Large Aircraft, Inc. v. United States*, No. 2:11-cv-1023, 2015 WL 1526346, at *4 (S.D. Ohio Apr. 3, 2015) (quoting *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (citations omitted); *see also Norwood v. F.A.A.*, 993 F.2d 570, 577 (6th Cir. 1993) ("purely factual, investigative matters" that are "severable without compromising the private remainder of the documents" do not enjoy the protection of the exemption) (citation omitted)).

All of the documents submitted by the EEOC are predecisional, in that they were created prior to the time the EEOC made its September 30, 2015 finding of discrimination by defendants. Therefore, the question becomes whether the documents are deliberative or evaluative, i.e., reflecting "the give and take of the consultative process," *Dawson*, 136 F.R.D. at 625, or purely factual material that is discoverable.

The documents and the Court's ruling are as follows:

| Exhibit Number | | Description |
| --- | --- | --- |
| From Chair's Declaration | From Defendants' Submission | (A Complete Copy of the Descriptions from Exhibit A to the Acting Chair's Declaration with Some Additional Notes as Indicated) |
| 1 | 25 | Email from EEOC Office of Research, Information, and Planning (ORIP) Social Science Analyst Lisa Torres to EEOC Investigator Andrea Dayharsh, dated February 13, 2014, one page [REV000006]. The email contains the Social Science Analyst's selection of language from a published case decision, previously produced at EEOC_RL_000001, that the Social Science Analyst considered relevant to EEOC's investigation of Charge No. 470-2012-00279C. |

This document is protected by the deliberative process privilege as it contains the opinion of the analyst and relates to the EEOC's internal decisionmaking process.

| 2 | 30 | Analysis and report by ORIP Social Science Analyst Lisa Torres and ORIP Intern Casey Callahan to EEOC Investigator Andrea Dayharsh, dated March 4, 2014, three pages [REV000328]. The analysis and report contain ORIP's statistical analyses of R&L Carriers' employment of females compared to competitors of R&L Carriers and external labor markets. |
|---|---|---|
| 3 | 31 | Analysis and report by ORIP Social Science Analyst Lisa Torres and ORIP Intern Casey Callahan to EEOC Investigator Andrea Dayharsh, dated February 27, 2014, four pages [REV000331]. The analysis and report contain ORIP's statistical analyses of R&L Carriers' employment of females compared to competitors of R&L Carriers and external labor markets. |

Documents 2 and 3 are memoranda involving the analysis and conclusions of the author on the potential merits of an action and as such are protected by the deliberative process privilege.

| 4 | 35 | Email from EEOC Investigator Andrea Dayharsh to EEOC Trial Attorney Kenneth Brown and EEOC Investigators Kimberly Anderson and Tonya Davis, dated February 27, 2014, one page [REV000880], forwarding email from ORIP Social Science Analyst Lisa Torres to Investigator Dayharsh, dated February 27, 2014. The email from the Social Science Analyst provides the results of ORIP's analysis regarding the employment of female laborers at competitors of R&L Carriers.<br>**NOTE:** The parties have resolved their dispute over this document and the document is not included in the submission to the Court. |
|---|---|---|

| 5 | 48 | Email from EEOC ORIP Social Science Analyst Lisa Torres to EEOC Trial Attorney Kenneth Brown and EEOC Investigator Andrea Dayharsh, with copies to ORIP Intern Casey Callahan and EEOC ORIP Director Ronald Edwards, dated March 6, 2014, one page [REV004254]. The email contains the Social Science Analyst's opinion regarding information contained in 2012 and 2013 EEO-1 data submitted to EEOC by R&L Carriers.<br><br>**NOTE:** The parties have resolved their dispute over this document and the document is not included in the submission to the Court. |
|---|---|---|
| 6 | 50 | Email correspondence between EEOC Investigator Andrea Dayharsh and EEOC ORIP Social Science Analyst Lisa Torres, copying ORIP Intern Casey Callahan and EEOC Trial Attorney Kenneth Brown, dated February 27 to March 3, 2014, two pages [REV004951]. The correspondence transmits and discusses the report identified in Item No. 3 above, and contains the email from the Social Science Analyst identified in Item No. 4 above.<br><br>**NOTE:** The parties have resolved their dispute over this document and the document is not included in the submission to the Court. |

The parties have resolved their dispute with respect to Documents 4, 5, and 6. In addition, the email string in Exhibit 6 is protected by the attorney-client privilege.

| 7 | 2 | Statistical Analysis prepared by ORIP at the request of EEOC Investigator Andrea Dayharsh, dated February 2014, 16 pages [REV005023], containing ORIP's analyses of R&L Carriers' employment of women compared to external labor markets in 2010.<br><br>**NOTE:** The Commission has disclosed additional segregable factual information from this document: the source of the data (EEO-1 reports) and the NAICS Codes, Job Codes, and geography selections used to perform analysis. |
|---|---|---|

| 8 | 3 | Statistical Analysis prepared by ORIP at the request of EEOC Investigator Andrea Dayharsh, dated February 2014, 16 pages [REV005039], containing ORIP's analyses of R&L Carriers' employment of women compared to external labor markets in 2011.<br>**NOTE:** The Commission has disclosed additional segregable factual information from this document: the source of the data (EEO-1 reports) and the NAICS Codes, Job Codes, and geography selections used to perform analysis. |
|---|---|---|
| 9 | 4 | Statistical Analysis prepared by ORIP at the request of EEOC Investigator Andrea Dayharsh, dated February 2014, 16 pages [REV005055], containing ORIP's analyses of R&L Carriers' employment of women compared to external labor markets in 2012.<br>**NOTE:** The Commission has disclosed additional segregable factual information from this document: the source of the data (EEO-1 reports) and the NAICS Codes, Job Codes, and geography selections used to perform analysis. |

Documents 7, 8, and 9 are protected by the deliberative process privilege. The factual information contained within these documents is contained in the EEO-1 reports provided by defendants to the EEOC. The EEOC also represents that it has provided defendants with the industry and job codes and the core-based statistical areas used in the analyses that are reflected in Documents 7, 8, and 9. In addition, to the extent the statistical analyses involve R&L locations other than Wilmington, Ohio, they are not relevant and, in any event, contain subjective conclusions or opinions protected by the deliberative process privilege.

| 10 | 5 | Statistical Analysis prepared by ORIP at the request of EEOC Investigator Andrea Dayharsh, undated, one page [REV005074]. The analysis was performed on 2010 applicant and hiring data, submitted to EEOC by R&L Carriers during the investigation and selected by Commission staff. |
|---|---|---|

| 11 | 6 | Statistical Analysis prepared by ORIP at the request of EEOC Investigator Andrea Dayharsh, undated, one page [REV005075]. The analysis was performed on 2011 applicant and hire data, submitted to the EEOC by R&L Carriers during the investigation and selected by Commission staff. |
|---|---|---|
| 13 | 55 | Statistical Analysis prepared by ORIP at the request of EEOC Investigator Andrea Dayharsh, undated, one page [REV005077]. The analysis was performed on 2010 applicant and hire data, submitted to EEOC by R&L Carriers during the investigation and selected by Commission staff. |

Documents 10, 11, and 13 contain factual information that was provided to the EEOC by defendants. The remainder of these documents contain statistical analyses that are protected by the deliberative process privilege.

| 12 | 7 | Email from ORIP Social Science Analyst Lisa Torres to EEOC Investigator Andrea Dayharsh and EEOC Trial Attorney Kenneth Brown, dated December 2, 2014, one page [REV005076]. The email contains the results of statistical analyses performed by the Social Science Analyst on 2010 and 2011 applicant and hire data contained in an expert report provided to EEOC by R&L Carriers.<br>**NOTE:** The parties have resolved their dispute over this document and the document is not included in the submission to the Court. |
|---|---|---|

The parties have resolved their dispute with respect to Document 12.

In summary, the documents reviewed *in camera* by the Court are protected by the attorney-client privilege and/or the deliberative process privilege and need not be disclosed to

defendants.

**IT IS SO ORDERED.**

Date: 3/20/19

_Karen L. Litkovitz_
Karen L. Litkovitz
United States Magistrate Judge