# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

v.

R&L CARRIERS, INC., et al.,

        Defendants.

Case No. 1:17-cv-515
JUDGE DOUGLAS R. COLE

## CONSENT DECREE

On August 2, 2017, the Equal Employment Opportunity Commission ("Commission" or "EEOC") instituted Civil Action No. 1:17-cv-00515 under the authority granted by Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII"), and Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The EEOC's action was brought to correct unlawful employment practices on the basis of sex. In its Complaint, the EEOC alleged that Defendants R&L Carriers, Inc., and R&L Carriers Shared Services, LLC ("R&L Carriers" or "Defendants") refused to hire women for the loader position at Defendants' Wilmington, Ohio service center.

The parties request that the Court enter this Consent Decree in order to avoid the costs and uncertainty of further proceedings and litigation. This Consent Decree is not an admission by either party as to the claims or defenses of the other party. Both parties dispute the claims and defenses of the other. Further, the Consent Decree is not a finding of liability and shall not be admissible evidence in any judicial,

administrative, or other legal proceedings for any reason except to enforce the terms of this Consent Decree.

The Commission and R&L Carriers stipulate to the Court's jurisdiction over the parties. Further, the Commission and R&L Carriers desire to resolve Civil Action No. 1:17-cv-00515 without the burden and expense of further litigation. As a result, and based on the pleadings and the record as a whole, the Court finds that: (i) the Court has jurisdiction over the parties and the subject matter of this action, (ii) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Decree, and (iii) this Consent Decree resolves all issues and claims in controversy in this lawsuit between the EEOC and R&L Carriers.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

**PART ONE: GENERAL PROVISIONS**

**Section 101:  Defendants Shall Not Engage in Sex Discrimination in Hiring Loaders**

Defendants, their officers, directors, agents, employees involved in hiring, successors in interest, assigns, and all persons acting in concert shall not fail to hire females as loaders because of their sex.

**Section 102: Effective Date**

The effective date of this Decree shall be the date of the Court's entry of the Consent Decree. This Decree does not affect the Commission's right to file suit based on charges currently pending at the administrative level by any individual or on any

subsequently filed charges by any individual even if those charges allege violations occurring prior to the entry of this Decree.

**Section 103: Record Retention**

R&L Carriers shall maintain all applications and employment records as required by Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. § 1602.14. Further, R&L Carriers will retain, throughout the term of this Consent Decree, all Wilmington job offers and hires for the loader position as well as all Wilmington applications, resumes, applicant submissions, and interview notes, including those of unsuccessful applicants. Defendants' Vice President, Legal will certify on an annual basis that Defendants are in compliance with this Section 103.

R&L Carriers shall also maintain all advertisements concerning any position for a Wilmington loader.

**PART TWO: POSTING, TRAINING, RECRUITMENT, AND HIRING PROCESS**

**Section 201: Posting**

R&L Carriers shall, within five days of the effective date of this Consent Decree, post a Notice of Non-Discrimination Policy (Appendix A) in a conspicuous location at its Wilmington service center, including all places at the Wilmington service center where employee notices are posted, and at all places where applications are collected, including but not limited to the page on Defendants' website that includes the link for submitting an online application. The Notice shall remain posted in all of these places for the duration of this Consent Decree. The Notice shall be typed

legibly using a minimum of font size 12. If multiple pages are used for each Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendants shall continue to post the standard EEOC anti-discrimination poster. If any of the notices becomes defaced, marred, or otherwise unreadable, Defendants shall immediately post a readable copy of such notice(s). Defendants' Vice President, Legal shall certify to the EEOC in writing within ten (10) days after entry of the Consent Decree that the notices required by this paragraph have been properly posted.

**Section 202: Notice to Recruiters**

R&L Carriers shall, within ten days of the effective date of this Consent Decree, send a Notice of Non-Discrimination in Hiring Policy which makes clear that applicants will be considered for all positions, including loader, without regard to sex, to all recruiters, employment agencies, job services, individuals, groups, businesses, and organizations that have recruited, assisted in recruitment or referred applicants for employment at R&L Carriers' Wilmington facility at any time since January 1, 2010.

**Section 203: Supervisor and Human-Resources Training**

Within ninety days of the effective date, and annually thereafter for the duration of this Consent Decree, R&L Carriers shall provide two hours of live, in-person training to all supervisory and management employees whose duties include any role in hiring at the Wilmington service center.

The training shall cover Title VII, with particular focus on the duty to hire in compliance with Title VII regardless of position; Defendants' recruiting, screening, hiring, and placement policies, practices, and procedures; and the content and requirements of this Consent Decree. All training described in this paragraph shall be provided by a third-party trainer selected by Defendants with approval of EEOC, with said approval not to be unreasonably withheld, and whom Defendants shall retain at Defendants' own expense. Within thirty days of such training, Defendants' Vice President, Legal shall certify in writing that Defendants are in compliance with this Section 203.

**Section 204: Recruitment and Advertising**

Defendants will make good-faith efforts to increase the representation of women in loader positions at the Wilmington service center.

To the extent Defendants feature the image of any person in marketing or advertising for loader positions, R&L Carriers will picture and feature females on their marketing and advertising materials pertaining to loader positions.

All job advertisements shall indicate that R&L Carriers will consider all qualified applicants for the loader positions.

R&L Carriers will conduct outreach, recruitment at local high schools, colleges, women's groups, job fairs, and/or women's clubs in an effort to attract qualified women for loader opening at their Wilmington service center. R&L will report annually to the EEOC the outreach efforts conducted in accordance with this paragraph.

## PART THREE: MONETARY RELIEF FOR CLASS MEMBERS

### Section 301: Monetary Relief

Within fourteen days of the effective date of this Consent Decree, R&L Carriers shall pay $1,250,000.00 ("Payment") into a high-yield, interest-bearing, qualified-settlement fund ("QSF") to be established and administered by a third-party claims administrator ("Administrator"). R&L Carriers shall notify the EEOC after they have completed payment into the QSF. The Payment constitutes back pay. R&L Carriers shall not deduct any amount for the share of payroll taxes they are responsible for as an employer.

The EEOC will determine the Eligible Claimants who will receive money from the QSF. R&L Carriers shall not challenge the Commission's determinations. The Administrator will make payments as directed by the EEOC to the Eligible Claimants, with appropriate deductions for payroll taxes and withholdings as required by law.

### Section 302: Determination of Eligible Claimants

An "Eligible Claimant" is any female who unsuccessfully applied at least once for a "loader," "dockworker," "freight handler," "warehouse," "any" or "all" position at Defendants' service center in Wilmington, Ohio, between January 1, 2010, and December 27, 2017. This includes females who were hired by Defendants but who had at least one prior unsuccessful application during the applicable time period.

The following applicants are not Eligible Claimants for the purposes of this Decree: (1) applicants who indicated to an EEOC representative at any time prior to the effective date of the Decree that they did not wish to participate in this lawsuit,

or (2) applicants who were notified by the EEOC, prior to the effective date of the Decree, that the EEOC would no longer pursue relief on their behalf.

If an applicant fails to respond to the inquiries of the Administrator or indicates that she is not interested in receiving monetary payment, such applicant will be ineligible for any payment and will not be included in the proposed notice of distribution. If an applicant cannot be located, even after the Administrator conducts a search for the applicant, such applicant shall not be included in the notice of distribution.

**PART FOUR: CLAIMS PROCESS**

**Section 401: Claims Administrator**

R&L Services shall pay for all the services and costs of the Administrator selected by the EEOC.

**Section 402: Tax administration**

The Administrator will be responsible for administering payment of employment taxes. In accordance with Section 405, the Administrator will request from each Eligible Claimant all information necessary to determine the amount of appropriate monetary withholding.

In addition to the money deposited into the QSF, R&L Carriers shall provide the Administrator, as the Administrator instructs, with additional monies representing the employer's share of payroll taxes on the back pay.

At R&L Carriers' expense, the Administrator shall issue a W-2 for payment of back wages.

**Section 403: Documentation to be Provided to Administrator**

The EEOC shall provide the Administrator with a list of Eligible Claimants, as defined in Section 302, with last-known addresses.

**Section 404: Notice of Eligibility Letters and Claim Forms**

Within thirty days of receipt of the EEOC's list of Eligible Claimants, the Administrator shall send a Notice of Eligibility and Claim Form (Appendices B and C) and a self-addressed, postage-paid, return envelope to each of these Eligible Claimants. Prior to mailing, the Administrator shall run the list through the United States Postal Services National Change of Address ("NCOA") database.

If any Notice of Eligibility letter is returned as undeliverable, the Administrator will make diligent efforts to find a more current address, including the use of skip trace resources and the NCOA database and re-mail the letter to the more current address.

To be eligible for relief, an Eligible Claimant must return a Claim Form to the Administrator with a postmark no later than 45 days after the Administrator has mailed the last Notice pursuant to this Section and in no case later than February 29, 2024. The Administrator shall provide to the EEOC a copy of all Claim Forms received, along with date of receipt.

**Section 405: Notice of Proposed Distribution**

Within ninety days of receiving the Claim Forms from the Administrator (Section 404), the EEOC will file with the Court a proposed notice of distribution, itemizing the amount of monetary relief for each Eligible Claimant who has submitted a Claim Form. The Court will then issue a notice of distribution (Appendix

8

D). At the direction of the Commission, the Administrator will send, via U.S. mail, a copy of that notice to each Eligible Claimant at the address identified on her Claim Form or to an updated address provided by the Eligible Claimant along with W-4 forms to each Eligible Claimant, with instructions to complete the form and return it to the Administrator. If any notices are returned as undeliverable, the Administrator will make diligent efforts to find a more current address for those individuals. If a more current address is found, the Administrator will re-mail the notice to the more current address.

The EEOC will make the final decisions about the notice of distribution, and Defendants will not object to either the names of claimants on the notice of distribution or the amount designated for each claimant. On the notice of distribution, the EEOC will designate the payment for each claimant.

**Section 406: Ineligibility**

Any individual for whom the Claims Administrator or EEOC is unable to find a current address will not be eligible for relief under this Consent Decree.

**Section 407: Payments to Eligible Claimants**

Within ten days of receipt of a claimant's completed W-4 form, the Administrator shall mail a check to the claimant, by certified mail, in accordance with the Court's notice of distribution. The checks shall be accompanied by a statement detailing all deductions. The Administrator shall provide the EEOC with a copy of any issued checks and proof of their delivery (a signed, certified-mail receipt).

9

**Section 408: Contingency for Remaining Funds**

If for whatever reason any part of the QSF is unable to be paid as designated above, the remainder shall be split evenly among the Eligible Claimants who receive an award under this Decree, in accordance with directions from the EEOC.

**PART FIVE: JOB OPPORTUNITIES FOR CLAIMANTS.**

**Section 501: List of Claimants**

On a rolling basis, the EEOC will provide R&L Carriers with email addresses of claimants who applied at the Wilmington facility between January 1, 2010, and December 27, 2017.

**Section 502: Notice of Job Opportunity**

Within 30 days of receiving a list of claimants (Section 501) from the EEOC, R&L Carriers will send to each individual on the list an email inviting them to apply to the loader position at R&L Carriers' Wilmington, Ohio service center, and shall include a link to R&L Carriers' electronic application. If R&L Carriers learns that a claimant's email address is no longer active, R&L Carriers shall notify the EEOC and shall re-send the invitation to any new or more current email address that the EEOC finds. R&L Carriers shall consider all qualified applicants without regard to sex, to the extent that there are open loader positions.

**PART SIX: REPORTING**

**Section 601: Designation of Representative**

R&L Carriers will designate Defendants' Vice President, Legal as the administrator of this Decree to oversee its implementation on R&L Carriers' behalf.

**Section 602: Reporting Procedure**

All information shall be sent to the attention of EEOC INDO Monitoring through the email [Monitoring-eeoc-INDO@eeoc.gov](mailto:Monitoring-eeoc-INDO@eeoc.gov).

**Section 603: Reports**

R&L Carriers shall submit annual reports to the EEOC, the first due 180 days after the entry of this Decree. In each report, R&L Carriers shall include the following information for the previous year:

    i.     the dates and topics of all training programs offered pursuant to Section 203; and

    ii.    a copy of all written materials used at those training programs.

In addition, R&L Carriers will certify that the emails to claimants have been sent in accordance with Section 502, certify that the training was conducted in accordance with Section 203, certify that notices have been posted in accordance with Section 201, and certify that records are retained in accordance with Section 103. R&L Carriers will also provide EEOC with a copy of the emails sent to the claimants and will report annually to the EEOC the outreach efforts conducted in accordance with Section 204.

**PART SEVEN: ADMINISTRATION OF THE CONSENT DECREE**

**Section 701: Role of EEOC**

The EEOC may review compliance with this Consent Decree. As part of such review, the EEOC may contact counsel, Thompson Hine, for Defendants to discuss compliance issues.

**Section 702: EEOC Monitoring**

If the EEOC alleges that a violation of this Consent Decree has occurred, EEOC shall give notice to R&L Carriers in writing specifically identifying the alleged violation. R&L Carriers will have ten days in which to investigate and respond to the allegation.

**Section 703: Court Enforcement**

If the parties are unable to resolve a dispute pursuant to Section 702, the EEOC may move to enforce the Decree. The Court may schedule a hearing to consider allegations of non-compliance with the Decree. If the Court finds that R&L Carriers has failed to comply with a provision of the Consent Decree, the Court shall order appropriate relief, including attorney fees, costs, and a daily penalty that the Defendants will pay to the U.S. Treasury until Defendants are in compliance with the Decree.

If the Court determines that Defendants have not complied with the Decree, in addition to the remedies above, the Court may order all appropriate relief, including an extension of the term of the Decree.

**Section 704: Successor Liability**

R&L Carriers has represented to the Court and EEOC that it has no plans to sell, in whole or part, any portion of its businesses, but if during the term of this Consent Decree it does make such plans, R&L Carriers shall take all necessary steps to ensure that the terms of this Consent Decree shall be binding upon the present and

future owners, officers, directors, successors, and assigns of R&L Carriers, Inc., and R&L Carriers Shared Services, LLC.

## PART EIGHT: TERM

### Section 801: Term of the Consent Decree

The term of this Consent Decree shall be for three years from its effective date.

### Section 802: Extension of the Consent Decree

Should a court determine that R&L Carriers has breached this Decree or if other sufficient reasons so justify, the EEOC may request that the Court extend the duration of this Consent Decree.

### Section 803: Exigent Circumstances

The EEOC may promptly seek court relief when exigent circumstances require immediate Court attention to prevent a serious violation of this Consent Decree, which would otherwise be without meaningful remedy. The moving documents filed with the Court shall explain all supporting facts and circumstances that allegedly require immediate Court attention.

## PART NINE: COSTS

Except as otherwise noted in this Consent Decree, all parties will bear their own costs of the litigation.

## PART TEN: MISCELLANEOUS

### Section 1001: Form 1098-F

The individual who should receive the copy of the Form 1098-F if the EEOC is required to issue one is:

>Name:  Vice President, Legal
>
>Physical Address:  600 Gillam Rd., Wilmington, OH 45177

**Section 1002: No Representation on IRC Deduction**

The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the EEOC does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met.

**Section 1003: Decision on IRC Deduction**

Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the EEOC.

**Section 1004: No Reliance on Representations Concerning Deduction**

The parties are not acting in reliance on any representations made by the EEOC regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

**PART ELEVEN: RETENTION OF JURISDICTION**

The Court will retain jurisdiction of this cause for three years, or longer if extended, for purposes of monitoring compliance with the Consent Decree and entry of such further orders or modifications as may be necessary or appropriate. The Court **DIRECTS** the Clerk to **TERMINATE** the case from its docket.

**SO ORDERED.**

April 24, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Kenneth W. Brown
Senior Trial Attorney
EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Louisville Area Office
600 Dr. Martin Luther King Jr.
Place, Suite 268
Louisville, Kentucky 40202
Phone: (502) 582-5440
Kenneth.Brown@eeoc.gov

Jonathan P. Bryant (Ind. 24412-49)
Trial Attorney
EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Indianapolis District Office
101 West Ohio Street
Suite 1900
Indianapolis, Indiana 46204
Phone: (463) 999-1154
Jonathan.Bryant@eeoc.gov

Diana E. Marin
Trial Attorney
EQUAL EMPLOYMENT
  OPPORTUNITY COMMISSION
Detroit Field Office
477 Michigan Avenue, Rm. 865
Detroit, Michigan 48226
Phone: (313) 774-0057
Diana.Marin@eeoc.gov

Attorneys for Plaintiff

Anthony C. White (00624146)
Trial Counsel
THOMPSON HINE LLP
41 South High Street
Suite 1700
Columbus, Ohio 43215
Phone: (614) 469-3235
Anthony.White@ThompsonHine.com

Keith P. Spiller (0042102)
Megan S. Glowacki (00865472)
Trial Counsel
THOMPSON HINE LLP
312 Walnut Street
Suite 1400
Cincinnati, Ohio 45202
Phone: (513) 352-6700
Keith.Spiller@ThompsonHine.com
Megan.Glowaki@ThompsonHine.com

Attorneys for Defendants